STATE OF NORTH CAROLINA v. JAMES DANIEL LYNCH.

(Filed 15 May 1968.)

**Criminal Law § 147—**

Rule of Practice in the Court of Appeals No. 36 requires that all motions be made in writing.

STATE *v.* LYNCH.

APPEAL by defendant from *Fountain, J.,* 13 November 1967 Session of the Superior Court of EDGECOMBE County.

Criminal prosecution upon a warrant charging defendant with operating a motor vehicle on the public highways of North Carolina while under the influence of intoxicating beverages.

Defendant, an indigent person, was represented in the Superior Court and in this Court by W. O. Warner, court-appointed counsel, and Edgecombe County was directed to pay the costs of reproducing the record on appeal and brief in this Court.

Trial was by jury upon defendant's plea of not guilty. Verdict was guilty as charged.

From a judgment of imprisonment for a term of two years, the defendant appeals.

The case was duly and properly calendared for hearing and was called for hearing in open court by this Court on 23 April 1968.

No briefs were filed by the defendant or by the State.

MALLARD, C.J.   The Clerk of this Court stated to the Court when this case was called for hearing that defendant's counsel had, prior to this date, informed him verbally that the defendant desired to withdraw the appeal.

This conversation, or verbal motion if it could be considered as such, does not comply with Rule 36 of the Rules of Practice in the Court of Appeals which requires that all motions be made in writing.

The record on appeal was not docketed in this Court within the time as provided by Rule 5 of the Rules of Practice in this Court.

There was no appellant's brief filed as required by Rule 28. However, there was no motion made to dismiss the appeal for noncompliance with the Rules.

On 26 April 1968 there was filed in this Court a motion signed by the defendant and W. O. Warner, his attorney, which reads as follows:

"Now COMES the undersigned Attorney for James Daniel Lynch, the appealing defendant in the case of *State v. Lynch,* No. 68SC117, showing unto this Court that on or before March 26, 1968 the defendant through his undersigned counsel, filed the Record with the Clerk of the Court of Appeals, and that prior to the date for filing the defendant appellant's brief, the defendant elected to withdraw his appeal, and by this Motion request that he be allowed to withdraw his appeal and that same be certified back to the Edgecombe Superior Court."

There is no assertion made in this purported motion that it was

freely, voluntarily and understandingly made by the defendant.

Under the circumstances of this case, we do not consider defendant's motion to withdraw the appeal, and we do not dismiss the appeal for failure to comply with the Rules.

We have carefully considered this case as set out in the record on appeal on its merits.

The defendant's first three assignments of error relate to the admission of evidence or the failure to strike certain parts of the evidence. These are without merit and are overruled.

The defendant's fourth assignment of error is to the overruling of his motion for nonsuit. There was evidence offered by the State tending to show that the defendant was on the date charged operating a motor vehicle on a public highway while under the influence of intoxicating liquor, and the motion was properly overruled. 2 Strong, N.C. Index 2d, Criminal Law, § 104.

The defendant's assignment of error to the charge is without merit. Judge Fountain fully and accurately charged the jury.

The defendant's assignments of error to the failure of the Court to allow his motions to set aside the verdict, and in arrest of judgment, are without merit.

The defendant has had a fair trial, free from prejudicial error.

No error.

BROCK and PARKER, JJ., concur.